UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ASHER B. HILL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:17-cv-00173-TWP-MJD ) |
| DAVID BEDWELL, DONNA WALKER, LEE HOEFLING, JENNIFER ADAMS, TIM SHIRLEY Aramark Cook Supervisor, ALICIA MCGRAIL Aramark Cook Supervisor, FRANK LITTLEJOHN, GARY MCMILLIN, DAN RUSSELL, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**Entry Discussing Complaint, Dismissing Insufficient Claims,
and Directing Further Proceedings**

**I. Screening**

This action was removed to federal Court from the Marion Superior Court on January 18, 2017. Plaintiff Asher Hill, an inmate at the Wabash Valley Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 alleging that he has been denied adequate food portions and poisoning of his food by the defendants, in retaliation for filing grievances and in violation of his constitutional rights. The defendants—Aramark[1] food service employees and prison officials—are 1) Donna Walker; 2) Lee Hoefling; 3) David Bedwell; 4) Jennifer Adams; 5) Tim Shirley; 6) Alicia McGrail; 7) Frank Littlejohn; 8) Dan Russell; and 9) Gary McMillin. The defendants are

---

[1] Aramark Correctional Food Service is the contracted food vender with the Indiana Department of Correction.

sued in their individual and official capacities. Mr. Hill seeks compensatory and punitive damages and preliminary injunctive relief.

Because Mr. Hill is a "prisoner" as defined by 28 U.S.C. § 1915(h), the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, the Court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

The claim against Lee Hoefling is **dismissed for failure to state a claim upon which relief can be granted** because the complaint does not allege that Mr. Hoefling participated in or condoned any denial of food to Mr. Hill. Rather, Mr. Hoefling allegedly responded to a grievance by stating that Aramark had been advised to ensure that extra trays were available in the future. Mr. Hoefling also allegedly responded to another grievance by stating that a prison officer should have contacted Aramark staff if it appeared that food portions were inadequate. Neither of Mr. Hoefling's statements violated Mr. Hill's constitutional rights.

The claim against Frank Littlejohn is that when Mr. Hill complained about Mr. Littlejohn's subordinates poisoning his food and telling other offenders that he was a snitch, Mr. Littlejohn allegedly said, "The reason they harass you is because no one likes you because you're a pain in the ass." In addition, in response to Mr. Hill's grievance reporting Mr. Littlejohn's comments and that Mr. Hill believed officers were poisoning his food, Mr. Littlejohn responded, "No staff is poisoning your food, telling other offenders you are a snitch or harassing you." Although calling Mr. Hill a "pain in the ass" is not professional, it did not violate Mr. Hill's constitutional rights. *See DeWalt v. Carter,* 224 F.3d 607, 612 (7th Cir. 2000) ("simple verbal

harassment" does not constitute cruel and unusual punishment); *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987) (although unprofessional and inexcusable, racially derogatory remarks did not support a constitutional claim); *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (verbal threats and name calling directed at an inmate is not actionable under § 1983). Therefore, the claim against Mr. Littlejohn is **dismissed for failure to state a claim upon which relief can be granted.**

No partial final judgment shall issue regarding the claims dismissed in this Entry.

## II. Further Proceedings

The clerk shall **update the docket** to reflect the dismissal of defendants Hoefling and Littlejohn. The claims against the remaining defendants shall proceed.

It is unclear from the record whether the defendants' motion for enlargement of time to respond to the complaint was ruled on in the state court. The defendants shall have **through February 10, 2017,** in which to respond to the complaint. The defendants shall also have **through February 10, 2017,** in which to respond to Mr. Hill's request for preliminary injunctive relief. Mr. Hill will then have **twenty-one (21) days** in which to respond **only** to the defendants' response to his request for preliminary injunctive relief.

Date: 1/23/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

ASHER B. HILL
922526
WABASH VALLEY CORRECTIONAL FACILITY
Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**