UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ASHER B. HILL, | ) |
|           Plaintiff, | ) ) ) |
|      vs. | ) )   No. 1:17-cv-00173-TWP-MJD |
| DAVID BEDWELL,<br>DONNA WALKER,<br>JENNIFER ADAMS,<br>TIM SHIRLEY Aramark Cook Supervisor,<br>ALICIA MCGRAIL Aramark Cook Supervisor,<br>GARY MCMILLIN,<br>DAN RUSSELL, | ) ) ) ) ) ) ) ) ) |
|           Defendants. | ) |

**Entry Discussing Plaintiff's Request for Preliminary Injunctive Relief**

This civil rights action was removed to this Court from Marion County Superior Court. Within his complaint, the plaintiff, Asher Hill ("Mr. Hill"), an inmate at Wabash Valley Correction Facility ("Wabash Valley"), sought preliminary injunctive relief. Mr. Hill alleges that he has been denied adequate food and that the defendants have been poisoning his food in retaliation for filing grievances. He seeks preliminary injunctive relief in the form of ordering 1) defendants Walker, Hoefling, Bedwell, Shirley, and McGrail to provide him with an adequate diet, 2) defendants Walker, Bedwell, and Adams to clarify the required menu portion amounts with diagrams, 3) defendants Littlejohn, Russell and McMillin to compel their subordinates to comply with policies requiring staff to return inadequate trays for correction, and 4) the defendants to stop utilizing food to retaliate against SCU prisoners. The defendants have responded to the plaintiff's request for preliminary injunctive relief and the plaintiff has replied.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997). To succeed in obtaining preliminary injunctive relief, the plaintiff must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm if preliminary relief is not granted, that the balance of equities tips in his favor, and that it is in the public interest to issue an injunction. *United States v. NCR Corp.,* 688 F.3d 833, 837 (7th Cir. 2012). The movant bears the burden of proving his entitlement to such relief. *Cooper v. Salazar,* 196 F.3d 809, 813 (7th Cir. 1999).

The evidence presented in response to Mr. Hill's request for preliminary injunctive relief reveals that Aramark Correctional Services, LLC ("Aramark") is a private contractor that provides food services to inmates confined by the Indiana Department of Correction ("IDOC"). Mr. Hill is in a controlled confinement unit at Wabash Valley, meaning he does not eat with the general population. His food trays are delivered to him by correctional officers, not Aramark employees. The Aramark employees have no way of knowing which tray will be delivered to which inmate.

The defendants have presented evidence showing that they have provided food in compliance with standards approved by a nutritionist and by the IDOC. Inmate workers are given instructions before each meal regarding what is to be served and how much. The IDOC conducts quarterly audits which review food portions, adequacy of the diet, and whether there are any food shortages. Moreover, a policy is in place for instances when inmates question the portions of food on their trays, which Mr. Hill has used to correct portions that were determined to be too small.

Mr. Hill has sought health care on a number of occasions when he suffered severe stomach pains after eating. He has been treated by medical staff and his grievances have been addressed. No link between food and any stomach symptoms was discussed in any of the medical reports submitted. Mr. Hill assumes that he has been poisoned, but he has no evidence to support that causal connection. Mr. Hill has also submitted affidavits from five other inmates, all testifying that they "frequently receive inadequate cold food trays" and have lost from 0–20 pounds each. Dkt. 19-4. These assertions of "inadequate cold" food trays are not specific enough to rebut the evidence that the food provided satisfies nutritional standards set by the IDOC. In addition, there is no evidence demonstrating the cause of Mr. Hill's alleged 30 pound weight loss over an estimated (by the Court) period of a year.

At this preliminary stage of the litigation, the Court finds that Mr. Hill has not shown that he is likely to succeed on the merits or that he is likely to suffer irreparable harm if preliminary relief is not granted. He has not shown that immediate injunctive relief is necessary to avoid serious physical harm. The extraordinary relief sought by Mr. Hill in his request for a preliminary injunction is **denied.**

**IT IS SO ORDERED.**

Date: 4/3/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

ASHER B. HILL, 922526
WABASH VALLEY CORRECTIONAL FACILITY
Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838